UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

STEVEN FLOYD VOSS,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:16-cv-00660-MMD-WGC

ORDER

This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on Petitioner's motion for relief from judgment under Rule 60(b)(2) and (5). (ECF No. 9.) The Court previously dismissed the petition in this action as a successive petition.

I. **BACKGROUND**

Petitioner Steven Voss seeks to challenge his conviction in Case No. CR97-2077 in Nevada's Second Judicial District Court.[1]

On July 8, 1998, the state district court entered an original judgment of conviction adjudging Voss guilty of "Murder With the Use of a Deadly Weapon, a violation of NRS §§ 200.010, 200.030 and 193.165, and Kidnaping in the First Degree, a violation of § NRS 200.310-1, Felonies, as charged in Counts I and II of the Indictment." The judgment sentenced Voss to two consecutive sentences of life without the possibility of parole on Count I and life with parole eligibility after a minimum fifteen years served on Count II, to be served concurrently with the sentence imposed on Count I. The judgment further directed that the sentences on Counts I and II be served concurrently with the sentence

---

[1] For the following summary, the Court takes judicial notice of its records in Petitioner's prior actions. *See, e.g.*, *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

imposed in case number CR96-1581. The judgment further stated that Voss "be given no credit for time served." (ECF No. 29-2 (Case No. 3:11-cv-00223-LRH-WGC).)

On direct appeal, the Supreme Court of Nevada reversed the weapon enhancement and vacated that sentence, affirmed the judgment of conviction in all other respects, and remanded for entry of an amended judgment. (ECF No. 18-2.)

On July 13, 2000, the district court entered an amended judgment adjudging Voss guilty of "Murder, a violation of NRS 200.010, NRS 200.030 and NRS 193.165, a felony, and Kidnaping in the First Degree, a violation of NRS 200.310-1, Felonies as contained in Counts I and II of the Indictment." The amended judgment further changed the sentence on Count I to "a term of life without the possibility of parole," *i.e.,* deleting the like consecutive sentence on the vacated weapon enhancement. The amended judgment otherwise substantially tracked the provisions of the original judgment of conviction, with the principal exception that the amended judgment gave "credit for seven hundred thirty-six (736) days time served" as of that time. (ECF No. 18-1.)[2]

On January 28, 2004, the district court entered a corrected amended judgment deleting the reference to "and NRS 193.165" in the text quoted above, such that it instead read in pertinent part "a violation of NRS 200.010, and NRS 200.030." The disposition paragraph of the corrected amended judgment otherwise tracked the provisions of the earlier amended judgment. The final line of the corrected amended judgment read: "*Nunc pro tunc to the* 13th day of July, 2000." (ECF No. 18-3.)

Thereafter, Voss filed his first federal petition in Case No. 3:11-cv-00223-LRH-WGC. That petition was not fully exhausted, and Voss opted to voluntarily dismiss the remaining grounds in that petition without prejudice to exhaust state court remedies.

Voss filed his second federal petition in Case No. 15-cv-00183-HDM-VPC. The Court dismissed that petition with prejudice as untimely.

---

[2]On the copy in the record, handwritten parentheses are placed around "and NRS 193.165," in the material quoted in the text.

2

1 | After the dismissal in Case No. 15-cv-00183, Voss filed the present action. Following a show-cause order, the Court dismissed the petition without prejudice as a successive petition, because the prior petition had been dismissed as untimely. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (petition filed following dismissal of prior petition as untimely is successive). The order and judgment of dismissal were entered on May 8, 2018. (ECF Nos. 7, 8.)

On or about June 20, 2018, after the expiration of the time for seeking relief under Rule 59, Voss dispatched the present Rule 60(b) motion to the Clerk for filing.

Voss seeks Rule 60(b) relief, on the grounds discussed *infra*, based upon a second corrected amended judgment of conviction that was filed in the state district court on May 24, 2018. (ECF No. 9 at 13-14; ECF No. 18-4.) The state court order thus was filed subsequent to the entry of judgment in this matter on May 8, 2018.

Voss had filed a motion to correct judgment in the state district court on or about May 3, 2018. The district court granted the motion to the extent of directing entry of the second corrected amended judgment specifying that he had been convicted specifically of first-degree murder, as reflected on the 1998 jury verdict form. (ECF No. 18-5; *see also* ECF No. 28-20 *in* Case No. 3:11-cv-00223.)

The second corrected amended judgment of conviction accordingly reflected that Voss had been adjudged guilty of "Murder in the First Degree, a violation of NRS 200.010, and 200.030, and Kidnaping in the First Degree, a violation of NRS 200.310-1, felonies as contained in Counts I and II of the Indictment." Other than breaking the prior disposition paragraph into three separate paragraphs, the second corrected amended judgment of conviction made no other change to the prior disposition paragraph. The final line of the second corrected amended judgment read: "*Nunc pro tunc* to July 13, 2000." (ECF No. 18-4.)

///
///
///

## II. DISCUSSION

### A. Overview

The parties' arguments focus on whether the May 24, 2018, second corrected amended judgment of conviction constituted a new, intervening judgment of conviction for purposes of applying federal successive-petition rules. A federal petition filed after an amended or corrected judgment that does constitute a new intervening judgment under the caselaw does not constitute a successive petition; and such an intervening judgment also restarts the federal limitation period. *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320 (2010) (successive-petition context); *Smith v. Williams,* 871 F.3d 684 (9th Cir. 2017) (limitation-period context); *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012) (successive-petition context). The same analysis applies to determine whether an amended state court judgment is a new intervening judgment for both the successive-petition issue and the limitation-period issue. *See, e.g.*, *Smith*, 871 F.3d at 687.

However, as discussed below, Voss has not established a basis for Rule 60(b) relief in this case even if the second corrected amended judgment constituted a new intervening judgment under the cited cases. The Court will therefore deny the motion—for the reasons discussed below—without reaching the issue of whether the state court order constituted a new intervening judgment.

### B. Rule 60(b)(2)

Voss first relies upon Rule 60(b)(2), which provides for post-judgment relief based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

Even if the Court were to assume that the May 24, 2018, second corrected amended judgment constitutes "evidence" for purposes of Rule 60(b)(2), the entry of the state court order after entry of judgment in this federal action does not provide a basis for relief under that provision. To obtain relief under Rule 60(b)(2), the moving party must establish that the newly discovered evidence existed at or prior to the time of the federal trial or, as in this case, decision and judgment. *See, e.g.*, *Fantasyland Video, Inc. v.*

*County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007). That is, the rule pertains to evidence that existed prior to the trial or judgment that thereafter is newly discovered with reasonable diligence after judgment. The May 24, 2018, second corrected amended judgment did not exist at the time of the Court's May 8, 2018, order and judgment dismissing the petition as a successive petition. The May 24, 2018, state court order therefore has no impact on the May 8, 2018, federal judgment under Rule 60(b)(2).

### C. Rule 60(b)(5)

Voss next relies upon the portion of Rule 60(b)(5) that provides for post-judgment relief where "applying [the judgment] prospectively is no longer equitable."

Rule 60(b)(5) likewise has no application to this case. The quoted provision applies only to judgments having prospective effect, such as, as a nonexclusive example, a judgment ordering injunctive relief. *See generally* 11 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2863, at 454-56 (3rd ed. 2012). A judgment dismissing an action does not have prospective effect for purposes of Rule 60(b)(5). *See, e.g.*, *Fantasyland Video, Inc.,* 505 F.3d at 1005; *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995); *see also Tapper v. Hearn*, 833 F.3d 166, 169-72 (2d Cir. 2016); *Grynberg v. BP P.L.C.*, 318 F.R.D. 533, 539-40 (D.D.C. 2016); *Cruz v. Bristol Myers Squibb Co. PR, Inc.*, 304 F.R.D. 92, 96 (D.P.R. 2014); *Villescas v. Abraham*, 285 F. Supp. 2d 1248, 1254 (D. Colo. 2003). The May 8, 2018, judgment dismissing this action without prejudice did not have prospective effect for purposes of Rule 60(b)(5).

Nor would it be inequitable to leave the judgment of dismissal undisturbed. Nothing in the judgment precludes Voss from securing any benefit that possibly may arise from the subsequent May 24, 2018, state court order regarding federal successive-petition rules. If Voss is correct that the May 24, 2018, order constitutes a new intervening judgment, then all he need do is file a new federal petition in a new action before the therefore also restarted one-year federal limitation period expires. Nothing about the May 8, 2018, dismissal places Voss in any worse situation regarding his ability to file a new action, or otherwise prejudices him. That is, what he can—or cannot—do regarding such

a new federal action following upon the May 24, 2018, state court order is not impacted one way or the other by the dismissal of this action.[3]

Rule 60(b)(5) thus also does not provide a basis for relief herein.

**D. Rule 60(b)(6)**

While Voss does not invoke Rule 60(b)(6), the Court *sua sponte* addresses on the *pro se* motion the residual provision in the rule allowing for post-judgment relief "for any other reason that justifies relief." Relief is available under Rule 60(b)(6) only in extraordinary circumstances, which "rarely will occur in the habeas context." *E.g., Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). In this case, as discussed in the preceding section, the entirely proper dismissal of this action based on the then existing state of affairs does not prejudice Voss in any respect with regard to his arguments concerning the May 24, 2018, state court order. The dismissal of this action will not impact the adjudication of issues regarding the effect of that state court order on the application of federal successive-petition rules in a new action, one way or the other. Voss thus cannot demonstrate the extraordinary circumstances required for Rule 60(b)(6) relief.

The motion for relief from judgment will therefore be denied. The Court makes no holding regarding the impact, if any, of the May 24, 2018, state court order on the application of successive-petition rules.[4]

///

---

[3]The Court again expresses no opinion as to whether Voss is correct that the May 24, 2018, order is a new intervening judgment. The Court's ruling on the present motion does not turn upon that point, and no ruling on the point is made in this action, one way or the other.

The Court further expresses no opinion as to any other issue, such as the impact of exhaustion or procedural default rules if Voss is able to file a non-successive and timely federal petition. Such issues similarly are not impacted, one way or the other, by the dismissal of this action.

[4]While it does not reach the issue, the Court notes, in the event that the Court of Appeals were to reach the issue, Judge Boulware's recent discussion regarding the standards applied on the issue in *Posey v. Neven*, 2019 WL 1284094, Case No. 2:15-cv-01482-RFB-GWF, at *2-*3 & n.4 (D. Nev., March 20, 2019); *see also id.*, at *4 n.6.

**III. CONCLUSION**

It is therefore ordered that Petitioner's motion for relief from judgment (ECF No. 9) is denied.

It is further ordered that, to the extent required in this procedural context, a certificate of appealability is denied. For the reasons discussed herein, jurists of reason would not find the Court's denial of the Rule 60(b) motion to be debatable or incorrect. Petitioner has not established a basis for relief under either Rule 60(b)(2), (5) or (6); and he clearly sustains no prejudice because he can pursue his arguments regarding the impact of the state court's May 24, 2018, second corrected amended judgment in a new federal petition. The dismissal of this action, which was proper based on the circumstances existing at the time of the Court's judgment, will not impact the adjudication of the issue in a timely-filed new action, one way or the other.[5]

The Clerk will send Petitioner with this order: (a) two copies of a noncapital habeas petition form and a pauper form for an inmate; (b) one copy of the instructions for each form; and (c) one copy of the petition and exhibits that he submitted under ECF No. 1.

DATED THIS 25th day of March 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[5] It appears that Voss filed a direct appeal from the May 24, 2018, second corrected amended judgment of conviction that remains pending at this time in Case No. 76211 in the state appellate courts.